Renee Choy Ohlendorf (263939)
rohlendorf@hinshawlaw.com
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: 310-909-8000
Facsimile: 310-909-8001

Attorneys for Defendant GC SERVICES, LP

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FRANCIS HENRY,<br><br>Plaintiffs,<br><br>vs.<br><br>GC SERVICES, LP,<br><br>Defendant. | Case No. CV 11-05964-GHK(VBKx)<br><br>**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND** |

**TO THIS HONORABLE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**NOW COMES** the Defendant, GC SERVICES LP ("Defendant"), by and through its attorney, Renee Choy Ohlendorf of Hinshaw & Culbertson LLP, and for its Answer to Plaintiff's Complaint, states as follows:

1. Defendant admits only that Plaintiff's Complaint includes a purported claim based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), as well as a purported claim based upon the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* ("Rosenthal Act"). Defendant denies violating the FDCPA, Rosenthal Act, or any other law, denies

1

that it has any liability under any theory of law, and further denies that any of its actions were illegal. Defendant denies all remaining allegations of Paragraph 1, if any.

2.   Defendant admits that Plaintiff's Complaint asserts a claim pursuant to a federal statute and purports to invoke original jurisdiction of this Court. Defendant denies all remaining allegations of Paragraph 2, if any.

3.   Defendant admits that it conducts some business in California. Defendant denies all remaining allegations of Paragraph 3.

4.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 4.

5.   Defendant admits that declaratory relief may be granted under 28 U.S.C. 2201 and 2202. Defendant denies that declaratory relief is proper in this case, and denies all remaining allegations of Paragraph 5.

6.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6.

7.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 7.

8.   Defendant admits that it is a business entity with an address at 6330 Gulfton, Houston, Texas 77081. Defendant denies all remaining allegations of Paragraph 8.

9.   Defendant admits that from time to time it attempts to collect unpaid, outstanding account balances. Defendant admits that in certain cases it may qualify as a debt collector. Defendant denies all remaining allegations of Paragraph 9.

10.   Defendant states that the allegations of this paragraph are vague and ambiguous with respect to time and scope. Further answering, Defendant lacks knowledge or information sufficient to form a belief about the truth of the

1 | allegations of Paragraph 10.

2 |     11.    Defendant states that Paragraph 11 calls for a legal conclusion to which no response is required. In the event that a response is required, Defendant further states that the FDCPA speaks for itself, and denies all allegations that are inconsistent with that statute. Defendant further denies all remaining allegations of Paragraph 11.

    12.    Defendant states that Paragraph 12 calls for a legal conclusion to which no response is required. In the event that a response is required, Defendant further states that the FDCPA speaks for itself, and denies all allegations that are inconsistent with that statute. Defendant further denies all remaining allegations of Paragraph 12.

    13.    Defendant states that Paragraph 13 calls for a legal conclusion to which no response is required. In the event that a response is required, Defendant further states that the FDCPA speaks for itself, and denies all allegations that are inconsistent with that statute or the legislative intent behind that statute. Defendant further denies all remaining allegations of Paragraph 13.

    14.    Defendant states that Paragraph 14 calls for a legal conclusion to which no response is required. In the event that a response is required, Defendant further states that the FDCPA speaks for itself, and denies all allegations that are inconsistent with that statute or the legislative intent behind that statute. Defendant further denies all remaining allegations of Paragraph 14.

    15.    Defendant states that Paragraph 15 calls for a legal conclusion to which no response is required. In the event that a response is required, Defendant admits that it contacted Plaintiff with respect to an unpaid, outstanding account balance. Defendant denies all remaining allegations of paragraph 15.

    16.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16.

17. Defendant admits that it contacted Plaintiff regarding an unpaid, outstanding account balance. Defendant denies all remaining allegations of Paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 21.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 22.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23.

24. Defendant states that Paragraph 24 calls for a legal conclusion to which no response is required. In the event that a response is required, Defendant further states that the FDCPA and case law cited in this paragraph speak for themselves. Defendant denies all allegations that are inconsistent with the FDCPA or any of the case law cited in this paragraph. Defendant also denies that any of the case law cited in this paragraph is applicable to this case, and denies that the out-of-state authority cited in this paragraph is binding upon this Court. Defendant further denies all remaining allegations of Paragraph 24.

25. Defendant states that Paragraph 25 calls for a legal conclusion to which no response is required. In the event that a response is required, Defendant further states that the FDCPA and case law cited in this paragraph speak for themselves. Defendant denies all allegations that are inconsistent with the

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL
31207048v1 0926119 46121

FDCPA or any of the case law cited in this paragraph. Defendant also denies that any of the case law cited in this paragraph is applicable to this case, and denies that the out-of-state authority cited in this paragraph is binding upon this Court. Defendant further denies all remaining allegations of Paragraph 25.

26. Defendant states that Paragraph 26 calls for a legal conclusion to which no response is required. In the event that a response is required, Defendant further states that the FDCPA and case law cited in this paragraph speak for themselves. Defendant denies all allegations that are inconsistent with the FDCPA or any of the case law cited in this paragraph. Defendant also denies that any of the case law cited in this paragraph is applicable to this case, and denies that the out-of-state authority cited in this paragraph is binding upon this Court. Defendant further denies all remaining allegations of Paragraph 26.

27. Defendant hereby restates and incorporates by reference its responses to Paragraphs 1 through 26 of this Complaint for its response to Paragraph 27, as though fully stated herein.

28. Defendant denies all allegations of Paragraph 28, including each of its subparts (a) through (h).

29. Defendant hereby restates and incorporates by reference its responses to Paragraphs 1 through 28 of this Complaint for its response to Paragraph 29, as though fully stated herein.

30. Defendant denies all allegations of Paragraph 30, including each of its subparts (a) through (b).

## AFFIRMATIVE DEFENSES

Defendant, GC SERVICES LP ("Defendant"), by its attorney, Renee Choy Ohlendorf, for its affirmative defenses, states as follows:

///

## FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, the defendant states that any violation of the FDCPA or Rosenthal Fair Debt Collection Practices Act, which defendant denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, the defendant states that plaintiff has failed to state a cause of action.

## THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, the defendant states that plaintiff has failed to mitigate his damages.

## FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, the defendant states the damages alleged by plaintiff were the result of superseding and/or intervening cause(s).

## FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, the defendant states that plaintiff's alleged damages were not proximately caused by defendant.

## SIXTH AFFIRMATIVE DEFENSE

For its Sixth Affirmative Defense, the defendant states that while plaintiff did not sustain any damages, in the event that he did, those exclude actual damages.

## SEVENTHTH AFFIRMATIVE DEFENSE

For its Seventh Affirmative Defense, the defendant states that in the event a violation of law occurred, which Defendant denies did, the violation was not material.

///

## JURY DEMAND

Defendant demands a trial by jury pursuant to F.R.C.P. 38.

**WHEREFORE**, defendant, GC SERVICES LP, respectfully requests that judgment be entered in its favor and against plaintiff and for such further relief as this Court deems just and proper.

Respectfully submitted,

DATED: September 27, 2011          HINSHAW & CULBERTSON LLP


By: /s/ Renee Choy Ohlendorf
Renee Choy Ohlendorf
Attorneys for Defendant GC SERVICES, LP