Renee C. Ohlendorf (263939)
rohlendorf@hinshawlaw.com
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone:  310-909-8000
Facsimile:   310-909-8001

Attorneys for Defendant GC SERVICES, LP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FRANCIS HENRY, | ) Case No.  CV 11-05964-GHK(VBKx) |
| Plaintiffs, | ) [PROPOSED] ORDER RE: |
| vs. | ) STIPULATION FOR AGREED |
| | ) PROTECTIVE ORDER |
| GC SERVICES, LP, | ) |
| Defendant. | ) |

Plaintiff, JAMES FRANCIS HENRY, and Defendant, GC SERVICES LIMITED PARTNERSHIP ("the Parties"), having agreed to the entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED:**

1.     When used in this Order, the word "document" means all written, recorded, or electronically stored material of any kind, and copies thereof (whether identical or unidentical) including, but not limited to, interrogatory answers, production responses, requests to admit and responses thereto, documents, as defined in the Federal Rules of Civil Procedure or in the discovery requests in this action, or physical items produced by any party or non-party in this action whether pursuant to subpoena, court order, discovery requests, or by agreement, deposition transcripts and exhibits, and any portions of any court papers which quote from or summarize any of the foregoing.

1

31300702 0926119

2.    The documents that are protected under this order that shall be designated as confidential are as follows:

    a.    Plaintiff's Account Detail Listing; Collection Excellence Level 1: Collection Policies & Procedures; Collection Excellence Level 2: Negotiating Account Resolution; Adhering to Federal and State Laws, Facilitator's Guide; and 3rd Party Making Excellent Collection Calls.

    b.    In addition, a producing party may, as provided herein and subject to the terms and conditions herein, designate as confidential any documents (and information contained therein) that it produces by marking such documents with the legend "CONFIDENTIAL" when copies are produced to the receiving party. Alternatively, a party may designate as confidential any document or category of documents by providing notice to all parties in this action. Any prior production, or any preliminary production of documents for inspection and designation for copying by the receiving party shall not constitute a waiver of confidentiality, however, even if those documents have not been marked CONFIDENTIAL or designated as confidential in writing. If documents were produced prior to this order either for inspection and designation or for some other purpose have not been marked CONFIDENTIAL before inspection, only counsel of record and other people described in paragraphs 7(a) and 7(c) may inspect those documents.

3.    Any confidential information not reduced to documentary, tangible or physical form or which cannot conveniently be designated in the manner set forth in paragraph 2, including but not limited to data contained in any electronic form, shall be designated CONFIDENTIAL by informing the receiving party in writing that all of the information is confidential. If any party produces CONFIDENTIAL

material stored electronically, including but not limited to production of magnetic diskettes or downloaded or uploaded files transferred by any method including electronic mail, then all of that information retains its CONFIDENTIAL nature regardless of whether the information is manipulated or converted to any other media including but not limited to the creation of print-outs or other hard copies and conversations or manipulation of data for whatever purpose including but not limited to conversation or manipulation for processing by any other computer hardware or software.

4.     Any part of deposition testimony in this case may be designated CONFIDENTIAL by advising the reporter and all parties of such fact, or by notifying the reporter and all parties in writing within thirty days of the receipt of the transcript by the deponent or deponent's counsel. All deposition testimony in this action is presumptively CONFIDENTIAL until thirty days after the deposition. Deposition testimony marked CONFIDENTIAL shall be given to no one other than people described in paragraph 7, the reporter, the deponent, and the deponent's counsel present. Any CONFIDENTIAL testimony must be marked, treated, used and/or disclosed only as provided in this Order.

5.     Neither the designation by a party of any document, information or deposition testimony as CONFIDENTIAL hereunder, nor its receipt by the other party, shall constitute a concession that the document, information or deposition testimony is confidential. A party may object to the designation of any document or information as CONFIDENTIAL, by stating the grounds for the objection. The parties shall try to resolve informally such disputes in good faith. If the dispute cannot be resolved, the designating party may seek relief from this Court, including an order that the documents should be treated as CONFIDENTIAL or that specified provisions of this Order shall apply to the document or information.

6.     Nothing in this Order shall prevent any party from objecting to

3

[PROPOSED] ORDER

discovery that it believes is improper.

7.      Documents designated as CONFIDENTIAL and all information contained therein shall be kept confidential, shall be used solely for the prosecution and defense of this case, and shall be disclosed only to:

     a.    Plaintiff and Defendant in this case, including officers, directors, employees, and in-house attorneys of the Parties;

     b.    Counsel of record for the parties to the case;

     c.    Attorneys, paralegals, secretaries and other personnel employed or retained by or working under the supervision of counsel of record described in subparagraph 7(b) who are assisting in this action;

     d.    Outside consultants, technical advisors and expert witnesses (whether designated as trial witnesses or not) employed or retained by the parties or counsel;

     e.    Any other person or entity as to whom counsel for the producer or provider of the confidential information agreed in writing, or whom the Court directs, shall have access to such information, provided that the person signs a document in the form of Exhibit A attached hereto, stating that he or she has read and understands this Order and agrees to be bound by its terms, before seeing CONFIDENTIAL documents.

     f.    The Court or Court personnel under seal.

8.      CONFIDENTIAL documents may be disclosed to persons described in subparagraph 7(d) of this Order ("a 7(d) person") only for evaluation, testing, testimony, preparation for trial or other services related to this litigation. A 7(d) person must sign a document in the form of Exhibit A attached hereto, stating that he or she has read and understands this Order and agrees to be bound by its terms,

1  before seeing CONFIDENTIAL documents.  Counsel of record for the party on
2  whose behalf the outside consultant, technical advisor or expert witness has been
3  employed or retained shall maintain the original Exhibit A.

4        9.    CONFIDENTIAL material subject to this Order shall not be used for
5  any purpose other than the preparation and trial of this action according to the
6  provisions of this Order.

7        10.   Nothing contained in this Order shall preclude GC SERVICES
8  LIMITED PARTNERSHIP from using its own CONFIDENTIAL material in any
9  manner it sees fit, or from revealing such CONFIDENTIAL material to whomever
10  it chooses, without prior consent of any other party or of this Court.

11        11.   The Parties cannot use, file or disclose any CONFIDENTIAL material
12  in any pretrial court proceeding that is open to persons not authorized to have
13  access to such CONFIDENTIAL material under the terms of this Order.  In the
14  event that a party wishes to use any CONFIDENTIAL material in any pretrial
15  court proceeding, affidavit, brief, memorandum of law, or other papers filed in
16  Court in this litigation, such CONFIDENTIAL material used therein shall be filed
17  under seal with the Court.

18        12.   Upon request of the producing party and within sixty (60) days after
19  the final disposition of all aspects of this case by settlement, judgment, or
20  expiration of time to appeal, all documents designated CONFIDENTIAL,
21  including any reproductions of such documents, must be destroyed or returned to
22  the producing party or its counsel.  At the producing party's  request, if the
23  documents are destroyed, the party who has destroyed the documents must furnish
24  an affidavit attesting to same.

                IT IS SO ORDERED:

25

26

27  Date:_____    _____
                            Judge Victor B. Kenton

28

[PROPOSED] ORDER

31300702 0926119

**EXHIBIT A**

1.    I,_____,                          residing                at

_____, have read the foregoing Protective Order (the "Order") in the case captioned *JAMES FRANCIS HENRY v. GC SERVICES LIMITED PARTNERSHIP*, Case No. CV 11-05964 GHK (VBKx) (the "action"). I agree to be bound by its terms with respect to any documents designated as "Confidential" thereunder that are furnished to me as set forth in the Order.

2.    I further agree: (a) not to disclose to anyone any documents, or any information contained in documents, designated as "Confidential" other than as set forth in the Order; and (b) not to make any copies of any documents designated as "Confidential" except in accordance with the Order.

3.    I hereby consent to the jurisdiction of the United States District Court for the Central District of California with regard to any proceedings to enforce the terms of the Order against me.

4.    I hereby agree that any documents designated as "Confidential" that are furnished to me will be used by me only for the purposes of the action, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own; nor will the information contained therein be shared or otherwise imparted by me to any other person.  At the conclusion of the action, I agree that all documents designated CONFIDENTIAL in my possession or control, including any reproductions of such documents, must be destroyed or returned to the producing party or its counsel.  If I destroy the documents, I understand that I may be required to furnish an affidavit attesting to that fact.

DATE: _____

PRINT NAME _____

SIGNATURE _____

**PROOF OF SERVICE**

**STATE OF CALIFORNIA- COUNTY OF LOS ANGELES**

  I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

  On April 11, 2012, I served the foregoing documents described as: **[PROPOSED] ORDER RE: STIPULATION FOR AGREED PROTECTIVE ORDER,** on the following attorney(s) of record and/or interested parties in this action, by placing a true and correct copy(ies) thereof enclosed in sealed envelope(S), addressed as follows, by the following means:

Amy L. Bennecoff, Esq.
Dawn Grob, Paralegal
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA  19002
215-540-8888 x 133
877-788-2864 Fax
abennecoff@creditlaw.com
dgrob@creditlaw.com

□ **(BY MAIL)**:   I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid.  I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

□ **(VIA OVERNIGHT MAIL)**:   I deposit such envelope to be placed for collection and handling via UPS following our ordinary business practices.  I am readily familiar with this business' practice for collecting and processing correspondence for UPS.  On the same day that material is placed for collection, it is picked by UPS at Los Angeles, California.

&#9635; **(BY CM/ECF SERVICE)**:I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

  Executed on April 11, 2012, at Los Angeles, California.

**(FEDERAL)**:  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct

MELANIE DAVIS

31284329v1  0926119